UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY SCOTT, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00268 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| STEWART COUNTY SHERIFF'S OFFICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, resides in Clarksville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Stewart County Sheriff's Office and Sergeant Josh Shoaff, alleging that Sergeant Shoaff used excessive force against the plaintiff and the county destroyed evidence pertinent to the plaintiff's claims against the county and Sergeant Shoaff. (Docket No. 1). The plaintiff asks the court to terminate Sergeant Shoaff's employment and to award the plaintiff monetary damages. (*Id.* at p. 3).

**I.      Standard of Review**

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or

fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

**II.    Facts**

The complaint alleges that Sergeant Shoaff arrested the plaintiff without cause and used excessive force in accomplishing the arrest. Specifically, the plaintiff alleges that Sergeant Shoaff refused to listen to the plaintiff and "stomped [the plaintiff] down in [the] floor" and "re-broke" some of the plaintiff's bones. (Docket No. 1 at p. 2). The plaintiff subsequently hired an attorney to represent him in connection with this incident and, when the attorney subpoenaed the videotape of the incident, a Stewart County official told the attorney that the videotape recording of the incident had been "taped over." The plaintiff alleges that the videotape was destroyed by the county to hide the brutal attack on the plaintiff. (*Id.*)

**III.   Analysis**

The plaintiff's complaint appears to allege a deprivation of his rights under § 1983. The plaintiff has named the Stewart County Sheriff's Office and Sergeant Shoaff as defendants. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this

two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As stated above, § 1983 creates a cause of action against any "person" who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). A county sheriff's office is not a "bodies politic" or person that can be sued under § 1983. *See Hill v. Stewart County Sheriff's Office*, No. 3:09-0992, 2009 WL 4277101, at *1 (M.D. Tenn. Nov. 30, 2009)(dismissing § 1983 claim against Stewart County Sheriff's Office because it is not an entity capable of being sued under § 1983)(citing *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007)). As such, the Stewart County Sheriff's Office is not a proper defendant in this action.

As to the plaintiff's claims against Sergeant Shoaff, the Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively. *Graham v. Connor*, 490 U.S. 386, 396-97(1989). The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

attempting to evade arrest by flight." *Id.* at 396. The court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

The court has reviewed the complaint and finds that, with regard to his allegations pertaining to the arrest, the plaintiff has stated a colorable claim of excessive force under 42 U.S.C. § 1983. 28 U.S.C. § 1915A.

**IV.     Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the Stewart County Sheriff's Office. 28 U.S.C. § 1915A. Thus, the claims against the Stewart County Sheriff's Office will be dismissed. However, as to the plaintiff's claims against Sergeant Shoaff, the complaint states a colorable claim of excessive force under § 1983.

An appropriate Order will be entered.

<br>

　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　Todd J. Campbell
　　　　　　　　　　　　　　　　　　　　United States District Judge