# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY SCOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 3:12-0268 |
| | )   JUDGE CAMPBELL/KNOWLES |
| SGT. JOSH SHOAFF, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant Josh Shoaff's "Motion to Dismiss." Docket No. 14. Defendant seeks a dismissal of this action for the pro se Plaintiff's failure to prosecute and failure to comply with a prior Court Order entered by Judge Campbell. Docket No. 4. That Order warned Plaintiff "that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address."

The Motion and supporting material state that Defendant sent Plaintiff a set of Interrogatories and Requests for Production of Documents on or about July 25, 2012. That package was returned as "Unclaimed," on or about August 14, 2012. Docket No. 14-1.

On or about August 21, 2012, Defendant's counsel sent Plaintiff a second letter, resubmitting the written discovery. That letter was returned on or about August 27, 2012, with a notation "Moved, Left No Address." *Id.*

Defendant served a copy of the instant Motion upon Plaintiff on or about August 31, 2012. That filing was also returned marked "Moved, Left No Address, Unable to Forward."

Docket No. 16.  Thus, it does not appear that Plaintiff has received the instant Motion, and the Court does not expect him to respond to it.

The referenced documents were sent to Plaintiff at the address he provided in his Complaint.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss be granted and that this action be dismissed for Plaintiff's failure to prosecute and failure to comply with the Court's previous Order.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                            */s/ E. Clifton Knowles*
                                            E. Clifton Knowles
                                            United States Magistrate Judge

---

[1] Plaintiff's claims against the only other Defendant in this action, the Stewart County Sheriff's Office, have previously been dismissed by Judge Campbell.  Docket No. 4.